[891 NYS2d 911]

In the Matter of ADRIEN J. WOOLLEY, an Attorney, Resignor.

Second Department, January 19, 2010

### APPEARANCES OF COUNSEL

*C. Steve Okenwa*, Brooklyn, for resignor.

*Diana Maxfield Kearse*, Brooklyn (*Sharon Gursen Ades* of counsel), for Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts.

### OPINION OF THE COURT

Per Curiam.

Adrien J. Woolley has submitted an affidavit dated June 9,

2009, wherein he tenders his resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9). Mr. Woolley was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on September 16, 1996.

Mr. Woolley avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, that he has discussed his decision to resign with his attorney, C. Steve Okenwa, and that he is fully aware of the implications of its submission.

Mr. Woolley is aware that the Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts (hereinafter the Grievance Committee) is currently investigating two complaints against him. The first complaint alleges that Mr. Woolley engaged in professional misconduct, including fraud and conflicts of interest, in the course of his representation of a client in a real estate transaction. The second complaint alleges that Mr. Woolley mishandled funds entrusted to him as a fiduciary.

Mr. Woolley acknowledges that he would be unable to successfully defend himself on the merits against charges predicated upon the misconduct under investigation.

Mr. Woolley avers that his resignation is submitted subject to any application which could be made by the Grievance Committee to direct that he make restitution and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a), and he acknowledges the continuing jurisdiction of the Court to make such an order.

Inasmuch as Mr. Woolley has acknowledged both his inability to successfully defend against any charges predicated on the aforesaid misconduct and the continuing jurisdiction of this Court to order restitution, the proffered resignation is accepted and effective immediately, Adrien J. Woolley is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and CHAMBERS, JJ., concur.

Ordered that the resignation of Adrien J. Woolley is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Adrien J. Woolley is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Adrien J. Woolley shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Adrien J. Woolley is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Adrien J. Woolley has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).